UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
WINDWARD BORA LLC,

                    Plaintiff,

      v.

JUNIA MONTOUR; NORTH AMERICAN
PARTNERS IN ANESTHESIA; CAPITAL ONE
BANK USA, NA; "JOHN DOE" AND "JANE
DOE", last two said names being fictitious, said
parties intended being tenants or occupants, if any,
having or claiming an interest in, or lien upon, the
premises described in the complaint,

                    Defendants.

------------------------------------------------------------ x

**REPORT AND RECOMMENDATION**

No. 2:23-cv-03654-EK-LGD

**LEE G. DUNST**, Magistrate Judge:

      Presently before the Court is Plaintiff Windward Bora LLC's ("Windward Bora" or "Plaintiff") motion for default judgement and other relief ("Motion") pursuant to Fed. R. Civ. P. 55(b)(2), seeking a judgement of foreclosure and sale pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301, et seq. *See* Electronic Case File Number ("ECF No.") 11. On August 1, 2023, District Judge Eric R. Komitee referred the Motion to the undersigned for a Report and Recommendation. *See* Aug. 1, 2023 Order Referring Motion. Pursuant to that referral, the undersigned respectfully recommends that the Motion (1) be granted in part as to liability; (2) be denied without prejudice as to foreclosure and sale, damages and costs, and appointment of a referee; and (3) be granted against defendants North American Partners in Anesthesia and Capital One Bank USA, NA, and that their interests in the Subject Property be extinguished.

I.      **FACTUAL BACKGROUND**[1]

On or about February 16, 2007, Defendant Junia Montour ("Montour") obtained a loan for $96,000.00 from CitiGroup/Consumer Finance, Inc. ECF No. 1 ¶ 10. The loan was evidenced by a note (ECF No. 1-4 at 1) which was secured by a mortgage (ECF No. 1-5 at 2) on the property at 498 Duryea Avenue in Uniondale, New York ("the Subject Property") on March 29, 2007. ECF No. 1 ¶ 11; ECF No. 1-5 at 1. On February 19, 2021, the note was transferred and assigned to Windward Bora. ECF No. 1-6 at 9. On January 31, 2022, the loan was modified by agreement with a new principal balance of $167,483.66, and an annual fixed interest rate of 10.00%. ECF 1-7 at 1-3.

Montour defaulted on the terms of the note and mortgage by failing to make timely payments. ECF No. 1 ¶ 16. On February 7, 2023, Windward Bora provided Montour with a 30-day default notice advising Montour of possible acceleration of the loan and continuing default, in compliance with the provisions of the note and mortgage. ECF No. 1 ¶ 17. That same day, Windward Bora also sent Montour a 90-day default notice advising her of possible legal action in compliance with RPAPL § 1304. *Id*. ¶ 18. Plaintiff further represents that it complied with "section 1306 of the Real Property Actions and Proceedings Law, and the Mortgage was originated in compliance with all provisions of section 595-a of the Banking Law and any rules or regulations promulgated there under, and, if applicable, sections 6-1 or 6-m of the Banking law." ECF No. 1 ¶ 19.

---

[1] Given Defendants' failure to respond to the complaint at ECF No. 1 ("Complaint"), Plaintiff's well-pled factual allegations in the Complaint are accepted as true. *See* Fed. R. Civ. P. 8(b)(6); *Antoine v. Brooklyn Maids 26*, 489 F. Supp. 3d 76, 90-91 (E.D.N.Y. 2020) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). In determining whether a plaintiff is entitled to default judgment, the court is "limited to the non-conclusory, factual allegations" in the complaint. *Antoine*, 489 F. Supp. 3d at 90-91 (citing *Johannes Baumgartner Wirtschafts-Und Vermogensberatung GmbH v. Salzman*, 969 F. Supp. 2d 278, 287 (E.D.N.Y. 2013)).

1

## II.    PROCEDURAL BACKGROUND

On May 16, 2023, Plaintiff filed the Complaint against defendants Montour, Capital One Bank USA, NA ("Capital One"), North American Partners in Anesthesia ("NAPA"), John Doe and Jane Doe.  *See* ECF No. 1.  Capital One and NAPA are subordinate creditors as to the Subject Property, who may have "potential unpaid New York State Real Estate Taxes on the underlying loan."  ECF No. 1 ¶¶ 4-5, 24.  Defendants John and Jane Doe are potential unidentified additional parties, being the "tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the [Subject] Property," added pursuant to RPAPL §§ 1311-1313.  ECF No. 1 ¶ 6.

Montour was served on May 24, 2023.  ECF No. 6.  Capital One was served on May 25, 2023.  *Id*.  NAPA was served on June 6, 2023.  *Id*.  None of the defendants responded to the Complaint.  ECF No. 9.  Plaintiff requested a Certificate of Default on July 11, 2023, which was entered by the Clerk of the Court on July 19, 2023.  ECF Nos. 7 & 8.  The notice of Pendency of Action was filed and received by the Nassau County Clerk's office on July 28, 2023.  ECF No. 11-4.

On July 31, 2023, Plaintiff filed the Motion, a memorandum of law, affidavits and declarations in support of the Motion, and served copies upon Montour, Capital One, and NAPA.  *See* ECF Nos. 11, 12.  Plaintiff's Motion requests that the Court (1) enter an order of default judgment pursuant to Fed. R. Civ. P 55(b)(2); (2) grant Plaintiff a judgment of foreclosure and sale pursuant to RPAPL § 1354 and § 1355; (3) appoint a referee to effectuate a sale of the Subject Property and to disburse the funds from such sale pursuant to RPAPL § 1611 and Fed. R. Civ. P. 53; and (4) order that Capital One and NAPA's nominal interests in the property be extinguished.  ECF No. 11-7 at 2-9.  According to Plaintiff, the outstanding principal balance

2

due on the loan is $167,029.75 (as of July 20, 2023) plus interest, costs, and disbursements. ECF No. 11-2 at 2.

## II. LEGAL STANDARDS

### A. Default Judgement

A motion for default judgment is governed by Fed. R. Civ. P. 55, which sets out a two-part standard that must be met for a default judgment to be ordered. First, the moving party must obtain a certificate of default from the Clerk of the Court and then the moving party may apply for entry of a default judgment. *See Windward Bora LLC v. Thomas*, No. 20-CV-6046, 2022 WL 5114489, at *3 (E.D.N.Y. Sept. 30, 2022). If a default is granted, the factual allegations of the well-pleaded are deemed true. *See Id.* at *3 (internal citation omitted). The Court, however, has the responsibility "to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Id.* (internal citation omitted). "Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability 'as a matter of law.'" *Id.* (quoting *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015)).

### B. Foreclosure

Under the RPAPL, a plaintiff seeking foreclosure must show (1) the existence of the mortgage and mortgage note, (2) ownership of said mortgage, and (3) the defendants' default on the loan secured by the mortgage. *See Wilmington PT Corp. v. Tiwana*, 19-CV-2035, 2023 WL 4673777, at *7 (E.D.N.Y. June 12, 2023) 2023 WL 4673777, at *7 (E.D.N.Y. June 12, 2023) (citing *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018)). For a plaintiff to establish a *prima facie* entitlement to judgment they must submit the mortgage, the unpaid

3

note, and evidence of the default, upon that showing, the burden then shifts to defendants to rebut the plaintiff's evidence and can only be overcome by an affirmative showing by the mortgagor. *Id.*

### C. RPAPL

Plaintiff must abide by the procedures set forth by the RPAPL. For example, Section 1304 requires at least 90-day notice before the mortgage servicer commences legal action against the borrower. RPAPL § 1304. Section 1306 requires each lender, assignee, or mortgage loan servicer to file with that notice with the Superintendent of New York State Department of Financial Services within three business days. RPAPL § 1306. As relevant to the Motion, the Court must consider other relevant portions of the RPAPL: § 1351, which governs the judgment of sale; § 1354, which governs the distribution of proceeds of sales; and § 1611, which governs the appointment of a referee in a final order.

### D. Damages

"A defendant's default does not constitute an admission as to the damages claimed in the complaint." *A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 521 F. Supp. 3d 170, 176 (E.D.N.Y. 2021), *aff'd*, 35 F.4th 913 (2d Cir. 2022). "A court must ensure that there is an adequate basis for the damages sought by a plaintiff before entering judgment in the amount demanded." *Antoine*, 489 F. Supp. 3d at 77. "A court must . . . must also be able to ascertain the amount of damages 'with reasonable certainty.'" *Id.* (internal citation omitted). "A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits or documentary evidence." *Id.* (internal quotations and citations omitted).

## III. DISCUSSION

Here, the Court finds (1) Plaintiff adequately pled facts to support granting the

4

default judgment; (2) Plaintiff adequately pled facts to support foreclosure and sale, but is not entitled to secure foreclosure and sale at this time; (3) Plaintiff has not adequately established the damages at issue; (4) the decision to appoint a referee to effectuate a sale of the Subject Property and to disburse the funds from such sale should be denied without prejudice at this time, as well as the request for attorney fees and costs; and (5) Capital One and NAPA's nominal interests in the property should be extinguished, and default judgment entered against all defendants.

### A. Plaintiff Is Entitled to a Default Judgement

In determining whether to grant a motion for default judgment a court must evaluate (1) whether the default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would endure because of the denial of the default motion. *See Stokes v. MilkChocolateNYC LLC*, 22 Civ. 6786, 2023 WL 4447073, at *4 (S.D.N.Y. July 11, 2023) (internal quotations and citations omitted). Courts have held that a defendant's nonappearance and failure to respond to a complaint demonstrates willfulness. *See Laura Elec. Lighting & Maint. Serv. Inc.*, No. 20-CV-3700, 2021 WL 6294391, at *3 (E.D.N.Y. Dec. 14, 2021), *report and recommendation adopted*, 2022 WL 59655 (E.D.N.Y. Jan. 6, 2022) (finding a willful default when defendants did not file a timely answer). All Defendants have been properly served and have not appeared in this action. ECF Nos. 6, 7, & 9. As no one has rebutted Plaintiff's claims and Plaintiff has submitted sufficient evidentiary support, there is no basis for the Court to find that Defendants have a meritorious defense. *See ADI Global Distribution v. Green*, No. 20-CV-3869, 2023 WL 3355049, at *4 (E.D.N.Y. Apr. 24, 2023) *report and recommendation adopted*, No. 20-CV-3869, 2023 WL 3346499 (E.D.N.Y. May 10, 2023) (granting default judgment where defendants did not appear) (internal citations omitted). Finally, Plaintiff would be prejudiced if the Court were to deny this Motion.

*Wilmington PT Corp. v. Parker*, No. 19-CV-2380, 2020 WL 1704303, at *7 (E.D.N.Y. Mar. 20, 2020), *report and recommendation adopted sub nom.*, 2020 WL 1703634 (E.D.N.Y. Apr. 8, 2020) (finding plaintiff would have no other methods of recovery if default judgment was not granted). For the reasons above, the motion for default judgment against all Defendants should be granted.

**B.     Plaintiff Has Established Their Right to Foreclosure**

The Court finds that Plaintiff has established its *prima facie* entitlement to a judgment of foreclosure. Specifically, Plaintiff has produced copies of the note demonstrating the obligations of Montour. ECF No. 1-4 at 1. The note includes the address of the Subject Property, the principal amount owed of $96,000.00, the interest rate (11.55%), the monthly amount due ($954.34), and procedures in the event of default. *Id*. A mortgage was issued pursuant to the note on March 29, 2007. ECF No. 1-5 at 1. The mortgage was assigned to Plaintiff on February 19, 2021. ECF No. 1-6 at 4. That mortgage was modified by agreement with a new principal balance of $167,483.66, and an annual fixed interest rate of 10.00%. ECF 1-7 at 1-3. Plaintiff states that Defendant Montour was in default after failure to pay the monthly payment on February 7, 2023, as well as all subsequent payments. ECF No. 1 ¶¶ 17-18. Montour failed to cure her default after the 90-day notice[2] was sent to her, which detailed the risk of foreclosure. *Id*. Plaintiff, therefore, established through evidentiary support that a debt exists, it was secured by a mortgage, and a default occurred on that debt. *See Thomas*, 2022 WL 5114489, at *3 (granting default judgment and foreclosure for sale where plaintiff established a *prima facie* case of foreclosure).

---

[2] The 90-day notice appears to have complied with RPAPL § 1304 and RPAPL § 1306, as it was served on Defendants more than 90 days prior to the filing of the Complaint and registered with the Superintendent of the New York State Department of Financial Services. ECF No. 1 ¶¶ 18-19.

However, for the reasons discussed herein, the undersigned finds that Plaintiff's request for foreclosure and sale of the Subject Property should be denied without prejudice at this time. *See Freedom Mortg. Corp. v. Elmore-Hernandez*, No. 18-CV-1840, 2019 WL 2779320, at *5 (E.D.N.Y. May 8, 2019) (Locke, J.), *report and recommendation adopted*, 2019 WL 2775620 (E.D.N.Y. July 2, 2019) (Hurley, J.) (denying a judgment of foreclosure and sale until Defendants fully demonstrated their rights to foreclosure against all defendants).

## IV.  DAMAGES AND OTHER REMEDIES

The Court recommends denial without prejudice of Plaintiff's requests for (1) damages due on the promissory note, (2) costs, and (3) appointment of a referee. The Court also recommends that Plaintiff's request to extinguish Capital One and NAPA's subordinate nominal interests be granted.

### A.  Damages Due on the Promissory Note and Mortgage

Once a party establishes default, "it must still prove damages." *Thomas*, 2022 WL 5114489, at *4 (citations omitted). In mortgage foreclosure cases, courts consider the documentary evidence presented by plaintiffs and have awarded damages including unpaid principal, accrued interest, recoverable costs, escrow advances, and late charges. *See, e.g., Windward Bora LLC v. Valencia,* No. 19-CV-4147, 2022 WL 872506, at *6 (E.D.N.Y. Mar. 24, 2022) ("Courts can use several tools to assess damages, including affidavits, documentary evidence, and evidentiary hearings.") (internal quotation marks and citations omitted); *CIT Bank, N.A. v. Schiffman*, No. 16-CV-5772, 2022 WL 912520, at *3 (E.D.N.Y. Mar. 29, 2022) (awarding unpaid principal, interest, cost, and late charges).

Here, Plaintiff submitted an affidavit seeking a total amount of $210,280.65. ECF No. 11-7 at 1. This total is broken down by principal balance, interest, late fees, unpaid loan charges,

payoff charges from servicer, and fees, costs, and disbursements. ECF No. 11-5 at 3-5 (John Ramer Declaration); ECF No. 11-2 at 2-3 (Shachar Hadar Declaration). The amounts due pursuant to the mortgage are calculated by John Ramer, Plaintiff's "Default Loan Analyst", and by Plaintiff's attorney under penalty of perjury. *Id*. As to the monetary amounts in connection with the note and the mortgage, the Ramer Declaration includes several summaries and limited supporting documentation. ECF No. 11-5 at 3-5. The Hadar Declaration does not include additional supporting documents to back up its calculations. ECF No. 11-2.

The Court finds Plaintiff's submissions insufficient to support the requested damages and costs. Specifically, Plaintiff fails to provide adequate "back-up documentation to support these amounts." *Freedom Mortg. Corp. v. Bullock*, No. 2:19-CV-664, 2023 WL 5266343, at *6 (E.D.N.Y. Aug. 4, 2023) (Bulsara, M.J.) (denying a motion for default judgment where the damages were not adequately substantiated) (citing *Freedom Mortg. Corp. v. King*, No. 19-CV-4833, 2023 WL 3494738, at *3 (E.D.N.Y. May 17, 2023) (Garaufis, J.) (denying Freedom Mortgage's request for reimbursement of tax disbursements, mortgage insurance, and property inspection/preservation disbursements, notwithstanding its right to collect such payments under the Mortgage, for failure to provide sufficient documentation) (collecting cases)). The statement of damages cannot be "merely a summarized list of costs–without any transaction history or detailed breakdown of the date and amount of each type of disbursement—[that fails] to include any back-up documentation to support these amounts." *Bullock*, 2023 WL 5266343, at *6 (E.D.N.Y. Aug. 4, 2023). Such a summary amounts to nothing more than "conclusory allegations that are insufficient to support damages." *Id*. The Court finds that Plaintiff's submissions are deficient in this regard, as they do not contain any back-up documentation for these financial calculations. Therefore, the Court recommends denial without prejudice of

8

Plaintiff's requests for damages and costs with leave to file a new motion with adequate supporting documentation.

**B.     Attorney Costs**

Plaintiff also requests attorney costs of $14,629,72 pursuant to the note.  ECF No. 11-5 at 3.  In light of Plaintiff's failure to provide sufficient evidence to support its aforementioned request for damages and costs due under the note and mortgage, however, the Court recommends that the request for attorney costs be denied without prejudice.

**C.     Appointment of a Referee**

Plaintiff requests the Court appoint a referee to effectuate sale of the mortgaged property and to disburse the funds from such sale pursuant to RPAPL § 1611 and Fed. R. Civ. P. 53. Such appointments have been permitted when the plaintiff has established a *prima facie* case by presenting a note, mortgage, and proof of default.  *See Windward Bora LLC v. Valente*, No. 18-CV-4302, 2019 WL 3872853, at *4 (E.D.N.Y. July 16, 2019) (collecting cases).  However, since the undersigned recommends denying Plaintiff's requested damages without prejudice, the undersigned also recommends denying the request to appoint a referee without prejudice at this time.

**D.     Other Defendants' Subordinate Interests**

In a foreclosure action, a necessary party is one whose interest is claimed to be subject and subordinate to the plaintiff's lien in the property.  *See, Toiny LLC v. Gill*, No. 18-CV-40, 2022 WL 4118520, at *3 (E.D.N.Y. Sept. 9, 2022).  Such necessary parties include, but are not limited to, those holding any later lien.  *Id*.  This rule "'derives from the underlying objective of foreclosure action- to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'"  *CIT*

*Bank, N.A. v. McDonnell*, No. 18-CV-476, 2023 WL 2361381, at *8 (W.D.N.Y. Feb. 2, 2023) (quoting *NC Venture I, L.P. v. Complete Analysis, Inc.*, 22 A.D.3d 540, 542, 803 N.Y.S.2d 95 (2d Dep't 2005)).  "When default judgment is entered against a defendant with nominal interest in the property, that defendant's interest in the property is extinguished." *Wilmington Sav. Fund Soc'y FSB v. White*, No. 17-CV-2288 (RRM) (SIL), 2019 WL 4014842, at * 6 (E.D.N.Y. May28, 2019), *report and recommendation adopted*, 2021 WL 254971, at *5 (E.D.N.Y. June 22, 2021); *see also E. Sav. Bank, FSB v. Robinson*, No. 13CV7308ADSSIL, 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016), *report and recommendation adopted sub nom. E. Sav. Bank, v. Robinson*, No. 13CV7308ADSSIL, 2016 WL 3102021 (E.D.N.Y. June 2, 2016) (recommending default judgment be entered against tenants and terminating "their respective interests in the Subject Property")

Here, Capital One and NAPA are defendants with nominal interests in the property as subordinate creditors.  ECF No. 1 ¶ 4-5, 24.  Both Defendants have been properly served, but neither appeared in this action.  ECF No. 9.  Accordingly, the Court respectfully recommends that Plaintiff's motion for default judgment against these Defendants be granted and their interests in the Subject Property extinguished.

V.   **CONCLUSION**

For the above reasons, the undersigned recommends that the Motion be granted in part as to liability and denied without prejudice as to foreclosure and sale and other damages with leave to renew in a new motion upon a further showing consistent with this Report and Recommendation.  The undersigned also recommends that Plaintiff's motion for a default judgment against Defendants Capital One and NAPA be granted and their interests in the Subject Property extinguished.

## VI.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Komitee.  FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS.  *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED**:

Dated: Central Islip, New York
       October 2, 2023

_s/ Lee G. Dunst_
**LEE G. DUNST**
United States Magistrate Judge

11