UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WINDWARD BORA LLC,

                               Plaintiff,

     v.

JUNIA MONTOUR; NORTH AMERICAN
PARTNERS IN ANESTHESIA; CAPITAL ONE
BANK USA, NA; "JOHN DOE" AND "JANE
DOE", last two said names being fictitious, said
parties intended being tenants or occupants, if
any, having or claiming an interest in, or lien
upon, the premises described in the complaint,

                              Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

2:23-cv-03654-EK-LGD

**LEE G. DUNST**, Magistrate Judge:

      Presently before the Court is Plaintiff Windward Bora LLC's ("Windward Bora" or "Plaintiff") motion for default judgement and other relief (the "Motion") pursuant to Federal Rule of Civil Procedure 55(b)(2), including a judgement of foreclosure and sale pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301, et seq. *See* Electronic Case File Number ("ECF No.") 20. This is Plaintiff's third attempt at this motion. On October 2, 2023, the undersigned issued a Report and Recommendation granting Plaintiff's first motion for default judgment (*see* ECF No. 11) in part as to liability and denying default judgment in part as to foreclosure and sale and other damages. *See* Oct. 2, 2023 Order. On November 17, 2023, while that Report and Recommendation was pending before Judge Komitee, Plaintiff filed its second motion for default judgment, which was referred to the undersigned on November 22, 2023. *See* ECF No. 17; Nov. 22, 2023 Order. On November 28, 2023, the undersigned issued a Report and Recommendation denying Plaintiff's second motion for default judgment as "premature." *See* Nov. 28, 2023 Order. Subsequently, on March 15, 2024, District Judge Eric R.

Komitee adopted both Reports and Recommendations in their entirety.  *See* Nov. 28, 2023 Order; ECF No. 19.

On March 29, 2024, Plaintiff filed its third motion for default judgment, which is presently before the Court.  ECF No. 20.  On April 3, 2024, Judge Komitee referred that motion to the undersigned for an Report and Recommendation.  Apr. 3, 2024 Order.  For the following reasons, the undersigned respectfully recommends that the Motion be granted.

I. **FACTUAL BACKGROUND**[1]

On or about February 16, 2007, Defendant Junia Montour ("Montour") obtained a loan for $96,000.00 from CitiGroup/Consumer Finance, Inc.  ECF No. 1 ¶ 10.  The loan was evidenced by a note (ECF No. 1-4 at 1) which was secured by a mortgage (ECF No. 1-5 at 2) on the property at 498 Duryea Avenue in Uniondale, New York ("the Subject Property") on March 29, 2007.  ECF No. 1 ¶ 11; ECF No. 1-5 at 1.  On February 19, 2021, the note was transferred and assigned to Windward Bora. ECF No. 1-6 at 9.  On January 31, 2022, the loan was modified by agreement with a new principal balance of $167,483.66, and an annual fixed interest rate of 10.00%.  ECF No. 1-7 at 1-3.

Montour defaulted on the terms of the note and mortgage by failing to make timely payments.  ECF No. 1 ¶ 16.  On February 7, 2023, Windward Bora provided Montour with a 30-day default notice advising Montour of possible acceleration of the loan and continuing default, in compliance with the provisions of the note and mortgage.  ECF No. 1 ¶ 17.  Plaintiff

---

[1] Given Defendants' failure to respond to the complaint at ECF No. 1 ("Complaint"), Plaintiff's well-pled factual allegations in the Complaint are accepted as true.  *See* Fed. R. Civ. P. 8(b)(6); *Antoine v. Brooklyn Maids 26*, 489 F. Supp. 3d 76, 90-91 (E.D.N.Y. 2020) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). In determining whether a plaintiff is entitled to default judgment, the court is "limited to the non-conclusory, factual allegations" in the complaint.  *Antoine*, 489 F. Supp. 3d at 90-91 (citing *Johannes Baumgartner Wirtschafts-Und Vermogensberatung GmbH v. Salzman*, 969 F. Supp. 2d 278, 287 (E.D.N.Y. 2013)).

2

submitted documentation in support of its request for $222,858.02 in unpaid principal, interest, and fees. ECF No. 20 ¶ 10. This amount would be obtained through the selling of the property as one parcel at a public auction held on the courthouse steps outside of the United States District Courthouse located at 100 Federal Plaza, Central Islip, New York. *Id.* ¶¶ 10-12.

Additionally, on February 7, 2023, Plaintiff mailed ninety-day notices to Borrower at her last known addresses pursuant to RPAPL § 1304(1) (the "90-Day Notices"). ECF No. 21 at 1-2. Pursuant to RPAPL § 1306, Plaintiff submitted requisited information to the Superintendent of the New York State Department of Financial Services. *Id.*

## II.   PROCEDURAL BACKGROUND

On May 16, 2023, Plaintiff filed the Complaint against Defendants Montour, Capital One Bank USA, NA ("Capital One"), North American Partners in Anesthesia ("NAPA"), John Doe and Jane Doe. *See* ECF No. 1. Capital One and NAPA are subordinate creditors as to the Subject Property, who may have "potential unpaid New York State Real Estate Taxes on the underlying loan." ECF No. 1 ¶¶ 4-5, 24. Defendants John and Jane Doe are potential unidentified additional parties, being the "tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the [Subject] Property," added pursuant to RPAPL §§ 1311-1313. ECF No. 1 ¶ 6.

After Defendants failed to appear to defend against Plaintiff's motion, the Clerk of the Court entered default against Defendants on July 19, 2023. On October 2, 2023, the undersigned issued a Report and Recommendation that Plaintiff's first motion for default judgment be granted in part as to liability and denied without prejudice as to foreclosure and sale and other damages with leave to renew in a new motion. Oct. 2, 2023 Order. The undersigned also recommended that Plaintiff's motion for a default judgment against Defendants Capital One and

NAPA be granted and their interests in the Subject Property extinguished. *Id.* On November 17, 2023, Plaintiff submitted a second motion for default judgment, providing further evidence that was requested by the undersigned on November 17, 2023. ECF No. 17 ¶ 9. The undersigned recommended that denied this motion be denied as premature. ECF No. 18 ¶ 17 ("Pursuant to the 11/22/2023 referral order from Judge Komittee, the undersigned recommends that the Second Motion be denied without prejudice as premature."). On March 15, 2024, Judge Komitee adopted both Reports and Recommendations in their entirety, finding that Plaintiff had established enough evidence for liability, but needed to provide backup documentation to support the requested damages as to the foreclosure and other related costs. *See* Mar. 15, 2024 Order. Subsequently, on March 29, 2024, Plaintiff the instant Motion. ECF No. 20. On April 3, 2024, Judge Komitee referred that motion to the undersigned for an Report and Recommendation. Apr. 3, 2024 Order.

On May 20, 2024, the undersigned directed Plaintiff to submit copies of notice of service to defendants under RPAPL §1304 (which required Windward Bora to mail a 90 Day Notice to Borrower), as well as proof of filing statement pursuant to RPAPL §1306 (which requires each lender, assignee, or mortgage loan servicer to file notice with the Superintendent of New York State Department of Financial Services within three business days). *See* RPAPL § 1304; RPAPL § 1306. On May 29, 2024, Windward Bora submitted such proof to the Court. ECF No. 21.

Additionally, on August 6, 2024, the undersigned ordered Plaintiff to supplement its motion with "copies of contemporaneous time records regarding its request for attorney's fees." Aug. 6, 2024 Order. On August 12, 2024, Plaintiff filed copies of the requested time records. ECF No. 22.

4

III.     LEGAL STANDARDS

   A.     Default Judgment

Rule 55 of the Federal Rules of Civil Procedures sets a two-step process for obtaining a default judgment. *See Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551, 2013 WL 6835157, at *3 (E.D.N.Y. Dec. 20, 2013) (adopting report and recommendation). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after default has been entered, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on plaintiff's motion, enter a default judgment against that defendant. *Id*. R. 55(b)(2). If a default is granted, the factual allegations of the well-pleaded are deemed true. *See Windward Bora LLC v. Thomas*, No. 20-CV-6046, 2022 WL 5114489, at *3 (E.D.N.Y. Sept. 30, 2022). The Court, however, has the responsibility "to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Id.* (internal citation omitted). "Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability 'as a matter of law.'" *Id.* (quoting *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015)).

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Id*. at 189 (internal quotation marks and alterations omitted). Instead, the plaintiff must establish to a "reasonable certainty" entitlement to the relief requested. *See Freedom Mortg. Corp. v. Habeeb,* No. 19-cv-05881 (JMA) (JMW), 2024 U.S. Dist. LEXIS 116806, at *5-6 (E.D.N.Y. July 2, 2024) (quoting *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. &*

5

*Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).

### B.      Foreclosure

A plaintiff seeking foreclosure must show (1) the existence of the mortgage and mortgage note, (2) ownership of said mortgage, and (3) the defendants' default on the loan secured by the mortgage.  *See Wilmington PT Corp. v. Tiwana*, 19-CV-2035, 2023 WL 4673777, at *7 (E.D.N.Y. June 12, 2023) 2023 WL 4673777, at *7 (E.D.N.Y. June 12, 2023) (citing *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018)).  For a plaintiff to establish a *prima facie* entitlement to judgment they must submit the mortgage, the unpaid note, and evidence of the default.  *Id.*  Upon that showing, the burden then shifts to defendants to rebut the plaintiff's evidence and can only be overcome by an affirmative showing by the mortgagor.  *Id.*

### C.      RPAPL

Plaintiff must abide by the procedures set forth by the RPAPL.  For example, Section 1304 requires at least 90-day notice before the mortgage servicer commences legal action against the borrower.  RPAPL § 1304.  Section 1306 requires each lender, assignee, or mortgage loan servicer to file with that notice with the Superintendent of New York State Department of Financial Services within three business days.  RPAPL § 1306.  As relevant to the Motion, the Court must consider other relevant portions of the RPAPL: § 1351, which governs the judgment of sale; § 1354, which governs the distribution of proceeds of sales; and § 1611, which governs the appointment of a referee in a final order.

### D.      Damages

"A defendant's default does not constitute an admission as to the damages claimed in the complaint."  *A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 521 F. Supp. 3d 170, 176

6

(E.D.N.Y. 2021), *aff'd*, 35 F.4th 913 (2d Cir. 2022). The burden is on the plaintiff to establish, by a reasonable certainty, his entitlement to the relief requested. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Rule 55 states that "it is necessary to take account or to determine the amount of damages or to establish the truth of any averment by evidence . . . the court may conduct such hearings or order such references as it deems necessary and proper." Rule 55 (b)(2) does not mandate that a district court hold a hearing, as judges have discretion to determine what is "necessary and proper." *See McLean v. Wayside Outreach Dev., Inc.*, 624 F. App'x 44, 45 (2d Cir. 2015). In *McLean*, the Second Circuit held that the district court did not abuse its discretion when it determined damages based on the aid of a single affidavit only partially based upon real numbers. *See* 624 Fed. Appx. at 45.

The burden is on the plaintiff to establish, by a reasonable certainty, its entitlement to the relief requested. *See Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155. To determine damages, the court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2)(B), or it may rely on the affidavits and other documentary evidence provided by plaintiff. See *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015).

### E.   Attorney's Fees and Costs

"A plaintiff in a foreclosure action may recover attorneys' fees and costs against a borrower-defendant if the note or mortgage provides for such an award." *See U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Swezey*, No. 20-CV-91 (FB) (RLM), 2022 U.S. Dist. LEXIS 53681, 2022 WL 1422841, at *10 (E.D.N.Y. Mar. 24, 2022), *report and recommendation adopted*, 2022 U.S. Dist. LEXIS 116894, 2022 WL 2390989 (E.D.N.Y. July 1, 2022). Courts determine a "presumptively reasonable fee" that the party seeking attorney's fees is entitled to recover by "multiplying the number of hours reasonably expended on litigation by

7

an hourly rate that a reasonable, paying client would be willing to pay." *Astudillo v. Fusion Juice Bar Inc.*, No. 19-CV-2590, 2023 WL 3802754, at *15 (E.D.N.Y. Mar. 23, 2023).

To determine what a reasonable client would pay, courts consider the community in which the district court sits and look to the prevailing rates for attorneys in that field with comparable experience. *Id.*; *see also Gesualdi v. Bestech Transp., LLC*, No. 14-CV- 1110, 2022 WL 866853, at *2 (E.D.N.Y. Mar. 23, 2022) ("The reasonableness of hourly rates is guided by the market rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation, and the relevant community is generally the district in which the court sits.") (cleaned up); *Rudler v. Houslanger & Assocs.*, PLLC, No. 18-CV-7068, 2020 WL 473619, at *2 (E.D.N.Y. Jan. 29, 2020) ("This Court follows the Second Circuit's 'forum rule,' which 'generally requires use of the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable rate.'") (internal citations omitted)). "[T]he prevailing rates for attorneys in the E.D.N.Y. . . . are approximately $300-$450 per hour for partners, $200-$300 per hour for senior associates, and $100-$200 per hour for junior associates." *Rudler*, 2020 WL 473619, at *2 (quoting *Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC*, 373 F. Supp. 3d 398, 404 (E.D.N.Y. 2019)).

**IV.    DISCUSSION**

This Court finds that (1) Plaintiff adequately pled facts to support foreclosure and sale and is entitled to secure foreclosure and sale at this time; (2) Plaintiff adequately provided notice of service of forms under RPAPL §1304 and §1306; (3) Plaintiff adequately established the damages at issue; (4) Plaintiff adequately substantiated his request for attorney's fees and costs; and (5) the Court should appoint a referee to effectuate a sale of the Subject Property and to

8

disburse the funds from such sale should be granted at this time, as well as the request for attorney's fees and costs.

### A.     Plaintiff Has Established its Right to Foreclosure

On October 2, 2023, the undersigned submitted a Report and Reommendation finding that Plaintiff established its *prima facie* entitlement to a judgment of foreclosure. *See* Oct. 2, 2023 Order. This Report and Recommendation was adopted by Judge Komitee on March 15, 2024.

### B.     Plaintiff Provided Sufficient Evidence for Establishing Proper Service Under RPAPL §1304 and §1306

Under RPAPL § 1304(1)-(2), "[p]roper service of [an] RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *See CIT Bank N.A. v. Schiffman*, 999 F.3d 113, 116 (2d Cir. 2021). A lender can establish compliance with Section 1304 in one of two ways: (1) if the "notice or other document was sent through evidence of actual mailing (e.g., an affidavit of mailing or service)"; or (2) "by proof of a sender's routine business practice with respect to the creation, addressing, and mailing of documents of that nature." *See Freedom Mortg. Corp. v. Bullock,* No. 2:19-CV-664-NGG-SJB, 2023 U.S. Dist. LEXIS 137320, at *8 (E.D.N.Y. Aug. 4, 2023) (quoting *CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550, 556, (2021) (citations omitted)).

On May 29, 2024, Plaintiff submitted evidence demonstrating adequate service of process of Foreclosure Notice to Defendant and provided proof with an affidavit of mailing, in accordance with RPAPL §1304, as well as Proof of Filing Statement pursuant to RPAPL §1306. ECF No. 21. Thus, the undersigned is now satisfied the Plaintiff complied with its obligations under RPAPL.

9

## V.     DAMAGES AND OTHER REMEDIES

The Court recommends Plaintiff's request for damages be granted on the (1) promissory note, (2) costs, and (3) appointment of a referee.

### A.     Damages Due on the Promissory Note and Mortgage

Once a party establishes default, "it must still prove damages." *See Thomas*, 2022 WL 5114489, at *4 (citations omitted).  In mortgage foreclosure cases, courts consider the documentary evidence presented by plaintiffs and have awarded damages including unpaid principal, accrued interest, recoverable costs, escrow advances, and late charges.  See, *e.g.*, *Windward Bora LLC v. Valencia,* No. 19-CV-4147, 2022 WL 872506, at *6 (E.D.N.Y. Mar. 24, 2022) ("Courts can use several tools to assess damages, including affidavits, documentary evidence, and evidentiary hearings.") (internal quotation marks and citations omitted); *CIT Bank, N.A. v. Schiffman*, No. 16-CV-5772, 2022 WL 912520, at *3 (E.D.N.Y. Mar. 29, 2022) (awarding unpaid principal, interest, cost, and late charges).

Here, Plaintiff originally submitted a declaration from a default loan analyst that summarized and provided limited support to establish the requested amount of $210,280.65.  ECF No. 11-7 at 1.  Plaintiff's attorney also filed an affidavit under penalty of perjury requesting this amount.  ECF 11-2.  This evidence alone was insufficient to establish accurate damage costs, as the summary amounted to nothing more than "conclusory allegations that are insufficient to support damages."  Oct. 2, 2023 Order; *see, e.g.*, *Freedom Mortg. Corp. v. Bullock*, No. 2:19-CV-664, 2023 WL 5266343, at *6 (E.D.N.Y. Aug. 4, 2023) (Bulsara, M.J.) (denying a motion for default judgment where the damages were not adequately substantiated) (citing *Freedom Mortg. Corp. v. King,* No. 19-CV-4833, 2023 WL 3494738, at *3 (E.D.N.Y. May 17, 2023) (Garaufis, J.) (denying Freedom Mortgage's request for reimbursement of tax disbursements, mortgage

10

insurance, and property inspection/preservation disbursements, notwithstanding its right to collect such payments under the Mortgage, for failure to provide sufficient documentation) (collecting cases)).

On March 29, 2024, Plaintiff provided copies of a (1) Statement of Amount Due and Owing as of March 29, 2024, which details the Borrower's outstanding principal balance, note rate interest, default rate interest, late fees, unpaid loan charges, and suspense balance on the property, amounting to $222,858.02; and (2) a Demand Loan Payoff Schedule from FCI Lender Services, which details the Borrower's Statement of Account and provides a Loan Master Report. ECF No. 20 ¶ 8-10.  The Loan Master Report provides an account of the transactions and charges assigned to Defendant for the property from June 1, 2014, to November 9, 2023, and outstanding charges and advances, which includes legal and foreclosure attorney fees.  ECF No. 20 ¶ 8.

The undersigned finds that these supporting documents now establish a sufficient showing of damages, and there is an adequate basis for the Court to establish within a "reasonable certainty" the total damage costs requested.  *See Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155 (citing *Transatlantic Marine Claims Agency,* 109 F.3d at 111); *Windward Bora LLC v. Durkovic as Tr. of McQueen Fam. Tr.*, No. 22-CV-411, 2024 WL 3455841 (E.D.N.Y. July 18, 2024) (finding plaintiff's evidence from various reports and account statements to be sufficient as to prove damages).

    **B.**    **Attorney's Fees and Costs**

Plaintiff requests attorney fees in the amount of $14,629.72.  ECF No. 20 ¶ 8-10.  In support of Plaintiff's request for attorney's fees, Plaintiff submits a copy of FCI Lender Services Loan Master Report submitted on March 29, 2024, which lists various attorney fees issued from June 1, 2014 to November 9, 2023. ECF No. 2 ¶ 8.  Plaintiff also updated its submission with

contemporaneous time records reflecting the totality of work conducted.  See ECF No. 22.  "[C]ontemporaneous time records are a prerequisite for attorney's fees in this Circuit."  *N. Y. State Ass'n for Ret. Child., Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983); *see also Freedom Mortg. Corp. v. McLain, No. 23 CV 1309*, 2023 U.S. Dist. LEXIS 184714 (E.D.N.Y. Oct. 12, 2023) ("Courts in this District have denied fee requests where plaintiff failed to maintain contemporaneous time records.").  Here, Plaintiff's updated submissions provide sufficient evidence to support its aforementioned request for attorney's fees and costs.

Moreover, the undersigned finds that the requested fees are reasonable.  Plaintiff seeks a total of $14,629.72 (ECF No. 20 ¶ 8-10) for 86.90 hours worked (ECF No. 22-1 at 2).  The total request thus reflects an hourly rate of $137.47, which is well within the range of a presumptively reasonable attorney's fee award in this District.  *See Rudler*, 2020 WL 473619, at * 2 ("[T]he prevailing rates for attorneys in the E.D.N.Y. . . . are approximately $300-$450 per hour for partners, $200-$300 per hour for senior associates, and $100-$200 per hour for junior associates."  Therefore, the undersigned recommends that the request for attorney's fees and costs be granted.

    C.    **Appointment of a Referee**

Finally, Plaintiff requests the Court appoint a referee to effectuate sale of the mortgaged property and to disburse the funds from such sale pursuant to RPAPL § 1611 and Federal Rule of Civil Procedure 53.  Such appointments are permitted when the plaintiff establishes a prima facie case by presenting a note, mortgage, and proof of default.  *See, e.g.*, *Durkovic*, 2024 WL 3455841, at *9 ("Plaintiff shall propose a referee for the foreclosure and sale of the Property within fourteen days of this Memorandum and Order."); *Windward Bora, LLC v. Brito*, No. 19-CV-4073, 2020 WL 7296859 (E.D.N.Y. Dec. 11, 2020) (same); *Windward Bora LLC v. Valente*,

No. 18-CV-4302, 2019 WL 3872853, at *4 (E.D.N.Y. July 16, 2019) (same). The undersigned thus recommends that the Court appoint a referee to effectuate the sale of the Subject Property through a public auction held on the courthouse steps outside of the United States District Courthouse located at 100 Federal Plaza, Central Islip, New York.

## VI.   CONCLUSION

For the foregoing reasons, the undersigned recommends that the present Motion be granted. Plaintiff provides sufficient evidence to substantiate their claim for damages of $222,858.02 and for attorney's fees and costs amounting to $14,629.72. Finally, the undersigned recommends that the Court appoint a referee to effectuate the sale of the mortgaged property through a public auction.

## VII.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See* also Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Komitee. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. See *Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED**:

Dated: Central Islip, New York
       August 30, 2024

s/ Lee G. Dunst
_____
**LEE G. DUNST**
United States Magistrate Judge

13